TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-01-00702-CR






Lamont Ray Brown, Appellant


v.


The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT

NO. 1010810, HONORABLE JON N. WISSER, JUDGE PRESIDING






 A jury found appellant Lamont Ray Brown guilty of aggravated sexual assault and
the trial court assessed punishment at imprisonment for fifty-five years. See Tex. Pen. Code Ann.
§ 22.021 (West Supp. 2001). By two points of error, appellant contends that the trial court
erroneously admitted evidence of three extraneous offenses and that it erroneously admitted
testimony under the excited utterance hearsay exception. We will affirm the trial court's judgment.


BACKGROUND


 Late in the evening of May 11, 2000, the complainant was walking from a bus stop
to her mother's house after work when the appellant drove up beside her and asked if she knew
where Trixie, his girlfriend, was. She testified that she recognized the appellant but that she did not
know his name. When the appellant again asked where his girlfriend was, the complainant told the
appellant she did not know what he was talking about and started to walk away from the car. 
According to her testimony, the appellant then grabbed her backpack, pulled her through the
passenger window of the car, and hit her on the head with an unidentified object. The force of the
blow knocked her unconscious. The next thing the complainant remembers, she was in the backseat
of the appellant's car, partially unclothed, and the appellant was having vaginal sex with her.

 The complainant testified that she immediately began to struggle and attempted to
push the appellant off of her. Appellant responded by hitting her, threatening to kill her, and
sexually assaulting her anally. The complainant testified that, while the appellant was assaulting her,
she saw a gun in his hand. When he finished the assault, appellant pushed her out of the car and left
her there wearing only her shirt. She walked to a nearby road and jumped in front of a passing car
to get it to stop. She told the driver of the car she had been raped. The driver then took the
complainant to the hospital.

 The emergency room physician who examined the complainant testified that he
observed bruising to the complainant's right eye, lip area, and vaginal area. During cross-examination, the physician testified that there was no observable trauma to the complainant's rectal
area but maintained that this lack of visual evidence was not inconsistent with a sexual trauma to that
area. In the doctor's opinion, the bruising around the vaginal area was consistent with a sexual
assault.

 A jury found the appellant guilty of aggravated sexual assault. The trial court then
sentenced the appellant to fifty-five years in the Texas Department of Criminal Justice - Institutional
Division. In this appeal, the appellant raises two points of error: (1) the trial court's admission of
extraneous offense evidence; and (2) its admission of evidence under the excited utterance hearsay
exception.


Extraneous Offenses

 Although the appellant did not testify, the defense was able through cross-examination of the State's witnesses to offer the theory that the complainant had engaged in
consensual sex with the appellant. To rebut this theory of consensual sex, the State offered evidence
of three extraneous offenses. Before admitting evidence of each extraneous offense, the court
conducted a voir dire examination. The defense argued that the proffered evidence was not relevant
under rule 402 and that it should be excluded because it was more prejudicial than probative under
rule 403. See Tex. R. Evid. 402, 403. The State argued that the evidence was relevant because the
defense had effectively presented a theory of consent and that the State was, therefore, entitled to
offer evidence rebutting that theory. See Tex. R. Evid. 404(b). The trial court, in three separate
rulings, overruled the defense counsel's objections and admitted the evidence for the limited purpose
of determining whether the encounter between the appellant and the complainant was consensual or
not.

 Evidence is relevant if it has any tendency to make the existence of a fact that is of
consequence to the determination of the action more or less probable than it would be without the
evidence. Tex. R. Evid. 401. Relevant evidence is generally admissible. Tex. R. Evid. 402. 
Evidence of other crimes or wrongs by the defendant, however, is not admissible if it is relevant only
to prove the character of the defendant in order to show that he acted in conformity therewith. Tex.
R. Evid. 404(b). To be admissible, extraneous offense evidence must be relevant apart from
indicating mere character conformity, that is, it must tend to establish some elemental or evidentiary
fact or rebut some defensive theory. Montgomery v. State, 810 S.W.2d 372, 386-87 (Tex. Crim.
App. 1991) (op. on reh'g); Johnson v. State, 932 S.W.2d 296, 301 (Tex. App.--Austin 1996, pet.
ref'd); Tex. R. Evid. 404(b). Even if an extraneous offense is relevant apart from character
conformity, it may still be excluded if its relevance is substantially outweighed by the danger of
unfair prejudice. Montgomery, 810 S.W.2d at 387; Johnson, 932 S.W.2d at 303; Tex. R. Evid. 403. 
"Questions of relevance should be left largely to the trial court, relying on its own observations and
experience, and will not be reversed absent an abuse of discretion." Moreno v. State, 858 S.W.2d
453, 463 (Tex. Crim. App. 1993); Corley v. State, 987 S.W.2d 615, 618 (Tex. App.--Austin 1999,
no pet.).

 Appellant objected to admission of the extraneous offense testimony, arguing that it
was not relevant to "the state of mind of [the complainant] and whether or not she consented to have
sex with [appellant]." The trial court overruled these objections and, as it stated in its limiting
instruction to the jury, admitted the extraneous offense testimony "only to aid . . . in . . . determining
the intent of the defendant, and whether the encounter . . . was consensual or nonconsensual and for
no other purpose." The court repeated this limiting instruction in its charge. We review the trial
court's decision to admit the extraneous misconduct evidence for an abuse of discretion. 
Montgomery, 810 S.W.2d at 390-92; DeLeon v. State, 77 S.W.3d 300 at 309 (Tex. App.--Austin
2001, pet. ref'd).

 An extraneous offense is admissible to prove the culpable mental state required for
the charged offense if the required intent cannot be inferred from the act itself, or if the accused
presents evidence to rebut that inference. Johnson, 932 S.W.2d at 302; Zuliani v. State, 903 S.W.2d
812, 827 (Tex. App.--Austin 1995, pet. ref'd). In this case, appellant used the State's witnesses to
establish a defensive theory that the complainant had engaged in consensual sex and fabricated the
charge of sexual assault after the fact. On appeal, the appellant concedes its defensive theory of
consent, but argues that the admitted extraneous evidence was irrelevant because it did not rebut
appellant's consent claim. According to appellant's argument, "the issue is strictly one of the
complainant's state of mind, of her intent. Logically, any acts by Appellant in other incidents with
other 'victims' can say nothing directly about complainant's state of mind." We disagree.

 In a prosecution for sexual assault of an adult, the State must prove that the defendant
engaged in the conduct intentionally or knowingly without the complainant's consent. When the
defensive theory of consent is raised in a prosecution for sexual assault, the defendant necessarily
disputes his intent to engage in the alleged conduct without the complainant's consent and thereby
places his intent in issue. Rubio v. State, 607 S.W.2d 498, 501 (Tex. Crim. App. 1980); Wiggins v.
State, 778 S.W.2d 877, 884-85 (Tex. App.--Dallas 1989, pet. ref'd). Such intent cannot be inferred
from the mere act of intercourse with the complainant. Rubio, 607 S.W.2d at 502; Wiggins, 778
S.W.2d at 884-85.

 When the defendant's intent to commit the offense charged is at issue, the relevance
of an extraneous offense derives from the doctrine of chances--the instinctive recognition of that
logical process which eliminates the element of innocent intent by multiplying instances of the same
result until it is perceived that this element cannot explain them all. Cantrell v. State, 731 S.W.2d
84, 90 (Tex. Crim. App. 1987); Wiggins, 778 S.W.2d at 885. An unusual or abnormal element might
be present in one instance, but the more often it occurs the less likely it is to be the true explanation. 
Cantrell, 731 S.W.2d at 90; Wiggins, 778 S.W.2d at 885. For the doctrine to apply, there must be
a similarity between the charged and extraneous offenses, since it is the improbability of a like result
being repeated by mere chance that gives the extraneous offense probative weight. Plante v. State,
692 S.W.2d 487, 492 (Tex. Crim. App. 1985). The degree of similarity required, however, is not
as great when intent is the material issue as when identity is the material issue and the extraneous
offense is offered to prove modus operandi. Cantrell, 731 S.W.2d at 90; Wiggins, 778 S.W.2d at
886.

 In the case before us, the State presented three witnesses who all described similar
encounters with appellant. On each occasion, the appellant picked up the women in similar
neighborhoods, took them to remote areas, sexually assaulted them, and left them stranded with little
or no clothing. There were also similarities in the women's lifestyles, such as drug addictions and
criminal backgrounds, to suggest they were specifically selected as victims. Although there were
dissimilarities between the charged and extraneous offenses with respect to the location of the assault
and the nature of the sexual act, these differences do not significantly lessen the relevance of the
extraneous acts with respect to the issue of appellant's culpable mental state. The trial court could
reasonably have concluded that testimony by one of the other women tended to make the existence
of appellant's guilty intent more likely than it otherwise would have been. See Montgomery, 810
S.W.2d at 391 (restating test for reviewing trial court's decision to admit evidence under rule
404(b)).

 At trial, appellant contested the issue of the complainant's consent and the corollary
issue of appellant's intent to have sexual intercourse without her consent. To decide these issues,
the jury had to weigh the complainant's credibility. Given her criminal background and admitted
heroin addiction, her testimony was less complete and arguably less probative than that of most
sexual assault victims. The other women's testimony, while certainly damaging to appellant, was
not so inflammatory as to render a limiting instruction ineffective. The trial court did not abuse its
discretion by concluding that the probative value of the extraneous evidence outweighed the danger
of unfair prejudice. See Montgomery, 810 S.W.2d at 392-93 (establishing criteria for reviewing trial
court's decision not to exclude evidence under rule 403).

 The record shows that the trial court considered and applied the appropriate rules of
evidence. The trial court found that the extraneous offense evidence was relevant to the issue of
appellant's intent and to rebut the defense theory of consent. Furthermore, the trial court found that
the probative value of the evidence was not substantially outweighed by the danger of unfair
prejudice. The record supports the trial court's ruling admitting the extraneous offenses. We hold
that the trial court did not abuse its discretion in admitting evidence of the extraneous offenses.
Appellant's first point of error is overruled.


Admission of the Third Extraneous Offense

 In his second point of error, the appellant claims that, even if evidence of the first two
extraneous offenses were admissible, the trial court erred by admitting evidence of the third
extraneous offense because the only evidence of this offense was hearsay. For two of the three
extraneous offenses, the State offered testimony from the alleged victim. However, the victim of
the third extraneous offense was not available. Therefore, the State called a police officer who
testified how the victim had described her abduction and sexual assault. Although much of the
officer's testimony concerning the location of the assault and the victim's appearance was personal
observation and not hearsay, appellant objected on hearsay grounds to the officer testifying about
the victim's description of her attacker as a black male, her statement that the car was a yellow
Cadillac, her statement that she had been raped, and finally her description of the details surrounding
the rape. The State argues that this testimony satisfied the excited utterance exception to the hearsay
exclusion rules and the trial court appropriately admitted it. We agree.

 The excited utterance hearsay exception permits admission of a hearsay "statement
relating to a startling event or condition made while the declarant was under the stress of excitement
caused by the event or condition." Tex. R. Evid. 803(2). The appellant argues that the statements
the victim made to the police officer were not excited utterances caused by the event or condition,
but were instead responses to the officer's questions. According to the appellant, because the
statements were not spontaneous, they are out-of-court statements that should have been excluded
as hearsay.

 We review the trial court's admission of this evidence under an abuse of discretion
standard and uphold the decision as long as it falls within the "zone of reasonable disagreement." 
Salazar v. State, 38 S.W.3d 141, 153-54 (Tex. Crim. App. 2001). It is not dispositive that the
statement is an answer to a question or that it was separated by a period of time from the startling
event; these are simply factors to consider in determining whether the statement is admissible under
the excited utterance hearsay exception. Id. The critical determination is "whether the declarant was
still dominated by the emotions, excitement, fear, or pain of the event" or condition at the time of
the statement. Id. (citing McFarland v. State, 845 S.W.2d 824, 846 (Tex. Crim. App. 1992)). The
trial court had before it evidence that the victim's statements were made to the officer while she was
sitting on the side of the road, naked, with blood on her head from the assault.

 Based on our review of the record, we cannot say that the trial court's admission of
the officer's testimony under the excited utterance hearsay exception was outside "the zone of
reasonable disagreement." We therefore overrule appellant's second point of error.


CONCLUSION


 Having overruled both of appellant's points of error, we affirm the judgment of
conviction.



 

 Mack Kidd, Justice

Before Justices Kidd, B. A. Smith and Yeakel

Affirmed

Filed: October 31, 2002

Publish